986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Ronald GRUNDY, Defendant-Appellant.
 No. 92-5581.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, William Ronald Grundy, appeals his conviction, following a jury trial, for committing bank robbery by use of a dangerous weapon, 18 U.S.C. §§ 2113(a) and (d), being a felon in possession of a weapon, 18 U.S.C. § 922(g)(1), and using or carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). We affirm.
 
 I.
 
 2
 On the morning of January 28, 1991, Grundy robbed the University of Louisville branch of the Citizens Fidelity Bank and Trust ("bank"). The teller area of the bank is approximately 15 to 20 feet in length and six feet in width and contains five teller windows. At the time of the robbery, there were five or six individuals working in this area and approximately seven customers in the bank.
 
 
 3
 Grundy entered the bank and approached the teller window of Sheri Gaines. Gaines had 15 years' experience as a teller. Gaines testified that Grundy handed her a note stating that "he wanted my money, he had a gun and he would hurt us." According to Gaines, Grundy also orally communicated that he had a gun, that he would hurt Gaines, and that she should put money in a bag. Grundy instructed Gaines to observe his gun and, in an apparent effort to enable her to see what he represented to be a gun, moved his jacket and exposed what appeared to Gaines to be the brown handle of a gun. Gaines did not, however, see a barrel, cylinder, or any other part of a gun. Gaines testified that she was "scared to death." Grundy netted approximately $1600 from the robbery. At trial, Gaines identified Grundy as the robber.
 
 
 4
 A bank customer, Derric Griggs, was seated behind the teller line in which Grundy was standing. Griggs saw Grundy open his jacket but did not see a gun. No other bank employees or customers saw a gun. Norm Horlander, a bank security employee, testified that a detailed review of surveillance films taken during the robbery did not reveal that Grundy had a gun.
 
 
 5
 Donita Braxton, who lived with Grundy and her five children at the time of the robbery, testified that several days before the robbery, she saw in Grundy's possession a grayish-black gun. She told Grundy to get the gun out of the house. She never saw the gun again.
 
 
 6
 On July 1, 1991, Grundy was charged in a four-count Superseding Indictment with violations of the federal bank robbery statute, 18 U.S.C. §§ 2113(a) and (d),[1] as well as violations of the felon-in-possession statute, 18 U.S.C. § 922(g)(1), and the firearm enhancement statute, 18 U.S.C. § 924(c). Grundy pleaded not guilty.
 
 
 7
 In 1974, some eighteen years before his trial for the present offense, Grundy had been indicted in state court in Kentucky for armed robbery and convicted of the lesser included offense of robbery. At Grundy's trial on the present charges, the Assistant United States Attorney erroneously said during his opening statement that Grundy had been "convicted of the offense of armed robbery in 1975 ..." (emphasis added). Grundy maintains that he timely objected to this statement as being prejudicial. Also during the trial, copies of Grundy's state indictment and judgment were introduced into evidence by the government. Grundy concedes that he made no contemporaneous objection. When the jury retired to deliberate, the state judgment was among the exhibits sent into the jury room. The parties dispute whether the state indictment also was sent into the jury room. Grundy maintains that he objected to sending in the indictment.
 
 
 8
 On February 4, 1992, the jury found Grundy guilty on all counts. On April 13, 1992, Grundy was sentenced to 77 months on Counts 1-3 and 60 months consecutive on Count 4, the firearm charge, for a total of 137 months' incarceration. Grundy timely appealed.
 
 II.
 
 9
 Grundy raises two issues on appeal: (1) whether the district court committed reversible error by overruling Grundy's objection to the government's opening statement and by allowing a copy of the 1974 state indictment to be sent to the jury room; and (2) whether there was sufficient evidence to convict on the § 924(c) charge. We consider these issues in turn.
 
 A.
 
 10
 Grundy's first argument is that the erroneous reference to armed robbery, when coupled with the fact that the 1974 indictment was sent into the jury room, unfairly prejudiced him. Grundy maintains that the references to armed robbery in the opening statement and the indictment cannot be called harmless, because the question of whether he possessed a gun during the robbery was "the core and only fact at issue in the instant case." Although Grundy maintains that this indictment was not introduced as evidence of other crimes, wrongs, or acts under Fed.R.Evid. 404(b), even under a Rule 404(b) analysis, according to Grundy, the indictment lacks any relevance, because the judgment shows Grundy was convicted only of simple robbery. Thus, because the indictment lacks relevance, it is more unfairly prejudicial than probative. Fed.R.Evid. 403.
 
 
 11
 The government maintains, first, that the indictment was not among the exhibits actually sent to the jury room. Second, the government argues that Grundy did not object to the reference to armed robbery in the government's opening statement and, therefore, the objection is waived. Third, the government maintains that Grundy did not object to the exhibits that ultimately were sent in with the jury. Finally, the government contends that even if the 1974 indictment was sent to the jury, this was at most harmless error, because there was ample additional evidence that Grundy possessed a gun to make it clear that even without the improperly admitted evidence, Grundy would have been found guilty.
 
 
 12
 An objection to a ruling admitting evidence must be timely made and must state the specific grounds for objection unless the ground is "apparent from the context." Fed.R.Evid. 103(a)(1). "This rule serves to ensure that 'the nature of the error [is] called to the attention of the judge, so as to alert him to the proper course of action and enable counsel to take corrective measures...." United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.) (citation omitted), cert. denied, 111 S.Ct. 363 (1990).
 
 
 13
 We ordinarily review a district court's evidentiary determinations under an abuse of discretion standard. See, e.g., United States v. Taplin, 954 F.2d 1256, 1258 (6th Cir.1992). However, where the ground of objection is not apparent from the context, and an objection is not raised, we review only for plain error. See Fed.R.Evid. 103(d); United States v. Schrock, 855 F.2d 327, 332-33 n. 8 (6th Cir.1988). Review for plain error "should be exercised only in those situations in which the failure to do so would result in a manifest miscarriage of justice." Finch v. Monumental Life Ins. Co., 820 F.2d 1426, 1432 (6th Cir.1987) (citation omitted). "[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the wrong specific objection." Gomez-Norena, 908 F.2d at 500 (citations omitted; emphasis in original).
 
 
 14
 Grundy did not make a contemporaneous objection to the alleged prejudice of the reference to armed robbery contained in the government's opening statement.[2] Although Grundy claims that he objected to sending the 1974 indictment to the jury room, it is impossible to discern from the record whether the indictment in fact went to the jury room at all. Furthermore, if it did, Grundy ultimately waived any objection by stating to the district court that it was "[f]ine with" him if the all of the government's exhibits were sent to the jury.[3] Thus, we review the admission of the statement and the sending in of the indictment (assuming that it was in fact sent to the jury) only for plain error. We find that neither constitutes plain error.
 
 
 15
 Although the reference to Grundy's prior conviction for "armed robbery" was inaccurate, it is apparent, from the context, that this reference was directed, not toward the §§ 2113(a) or (d) charges, or toward the § 924(c) charge, but toward the felon-in-possession charge, which requires, as an element of the offense, proof of a prior conviction of an offense punishable by more than one year's incarceration.[4] Moreover, counsel for the government cautioned the jury that anything he said during his opening statement was not to be considered by the jury as evidence. The court, in the jury charge, also instructed the jury that arguments made by counsel were not evidence in the case. Finally, the court instructed the jury that they could not consider Grundy's prior conviction as evidence that he committed a presently charged offense, but could consider the prior conviction only as an element of the felon-in-possession offense. We believe that taken together, these warnings negated any prejudicial impact which may have resulted from the government's reference to armed robbery.
 
 
 16
 Grundy maintains that the 1974 state indictment was sent into the jury room and that the jury's exposure to its charge of armed robbery prejudiced him in regard to the jury's ultimate guilty verdicts on the §§ 2113(d), 922(g) and 924(c) counts, each of which includes as an element the possession of a weapon. Assuming, arguendo, that the state indictment did go into the jury room, this does not constitute plain error. After a careful review of the entire record, we are satisfied that even if the state indictment was sent to the jury room, this error, viewed in the context of the entire record, was "not such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." U.S. v. Young, 470 U.S. 1, 105 S.Ct. 1038 (1985). The government presented sufficient evidence that Grundy had been in possession of a gun during the instant bank robbery to enable a rational jury to find, beyond a reasonable doubt, that he had in fact possessed a gun during the robbery. That evidence, coupled with the fact that the jury was instructed that an indictment is not evidence of guilt, and that the state conviction could not be considered as evidence of defendant's guilt in any of the counts before the jury except the § 922(g) charge, satisfies us that the jury would have returned its guilty verdicts even if it had not seen the charge of armed robbery contained in the state indictment.
 
 B.
 
 17
 The second issue raised by Grundy, the sufficiency of the evidence to support a § 924(c) conviction, also fails. The issue for purposes of a review of the sufficiency of the evidence on a § 924(c) conviction is not whether a gun allegedly used or carried by a defendant was actually recovered and proven to be a genuine gun. Rather, the issue is whether a rational jury could conclude, "viewing the evidence in the light most favorable to the prosecution" and "draw[ing] reasonable inferences," that Grundy used or carried a firearm during and in relation to a crime of violence. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 18
 A toy or replica gun is insufficient for liability under § 924(c). United States v. Westerdahl, 945 F.2d 1083, 1088 (9th Cir.1991).[5] Here, however, a rational juror could have concluded that Grundy used or carried a genuine gun. Evidence shows that he repeatedly threatened to hurt the teller, Sheri Gaines, with what he represented to be a gun and even deliberately moved his coat in such a fashion that she was able to see what she believed to be the handle of a gun. Moreover, there also is evidence that Grundy had a genuine gun in his possession a few days earlier. That no one in the bank was able unequivocally to testify that Grundy had a genuine gun, and that a genuine gun was not actually produced at trial, does not preclude a rational juror from finding, beyond a reasonable doubt, that Grundy possessed a "firearm" when he robbed the bank.[6] See United States v. Castillo, 924 F.2d 1227, 1230 (2d Cir.1991) ("Although it is not inconceivable that the object [the officer] saw was a sophisticated toy gun or other facsimile falling outside the firearm definition, we are not prepared to find that such a possibility constitutes necessarily a reasonable doubt.").
 
 III.
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Although neither party raises the issue, we note that both the superseding indictment and the judgment refer to § 2113(e) rather than § 2113(d). However, the language in Count 2 of the Superseding Indictment makes it clear that Grundy was put on notice of the essential elements of a violation of § 2113(d). Count 2 of an earlier indictment, filed March 4, 1991, correctly referred to § 2113(d)
 
 
 [2]
 Grundy's counsel did object, following the government's opening statement, to the court's decision not to sever the felon-in-possession charge. He did not, however, object to the government's representation that he had been involved in "armed robbery." In fact, the record makes clear that Grundy's counsel himself believed that Grundy had committed armed robbery, because counsel argued to the district court that "[t]he deck is stacked bad enough against [Grundy] without that overtly prejudicial demonstration that this guy years ago was involved in an armed robbery."
 Counsel had a copy of the state indictment and judgment well before trial and should have been aware that the conviction was not for armed robbery. By having objected only to the fact that a severance of the felon-in-possession charge was not granted, Grundy failed to preserve his objection to the allegedly prejudicial statement. Gomez-Norena, 908 F.2d at 500.
 
 
 [3]
 The record discloses that immediately prior to sending the jury to the jury room to begin their deliberations, the judge inquired of counsel at sidebar whether there were any objections to sending the exhibits to the jury room. Grundy's counsel responded,
 "The only thing that I am concerned with is the prior conviction that you introduced. It says armed robbery and the conviction was just robbery. Kind of concerned with that." (emphasis added)
 Counsel and the court then had the following exchange:
 GOVT. COUNSEL: Well, it speaks for itself. I didn't know there was any difference.
 DEFENDANT'S COUNSEL: I would rather them ask for it.
 GOVT. COUNSEL: It has the indictment and it has the J and C.
 THE COURT: What's the judgment say? Does it say armed? Let's take a look at it.
 GOVT. COUNSEL: That's not the judgment.
 THE COURT: Where is the judgment?
 GOVT. COUNSEL: Last page.
 DEFENDANT'S COUNSEL: Okay. I'm sorry.
 THE COURT: Okay. We might as well send them all in now and save time. Any problems?
 GOVT. COUNSEL: No.
 THE COURT: Any problems sending them in now?
 DEFENDANT'S COUNSEL: Fine with me.
 The government maintains that during the course of this discussion the indictment was removed from the judgment. The court's repeated reference to "sending them in now" (emphasis added) would support such an interpretation. However, Grundy maintains that the indictment remained with the judgment and both were sent to the jury. While it is far from clear exactly what was done at the sidebar conference, it is entirely clear that Grundy's counsel initially objected to the conviction, not to the indictment, and that, in any event, he waived any objection he might have had to whatever exhibits were sent to the jury.
 
 
 [4]
 There is nothing in the record to suggest that the government sought to have the prior indictment and judgment admitted as Rule 404(b) evidence
 
 
 [5]
 A nongenuine gun will support a conviction for bank robbery under 18 U.S.C. §§ 2113(a) and (d). See, e.g., United States v. Medved, 905 F.2d 935, 940 (6th Cir.1990), cert. denied, 111 S.Ct. 997 (1991)
 
 
 [6]
 There is no question that the "uses or carries" and "during and in relation to" elements of § 924(c) are met here